UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re ) | |
| ) | Case No. 14-00662 |
| IDAHO BANCORP, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | ORDER APPROVING (I) FORM OF |
| ) | PURCHASE AGREEMENT, |
| ) | INCLUDING EXPENSE |
| ) | REIMBURSEMENT, (II) SALE |
| ) | PROCEDURES, (III) NOTICE |
| ) | PROCEDURES, AND (IV) OTHER |
| ) | RELIEF |
| ) | |
| ) | |

This matter came before the Court on May 20, 2014, on the Motion For Orders Pursuant To 11 U.S.C. §§ 105(A) And 363(B) And Fed. R. Bankr. P. 2002, 6004, And 9014 (I) Approving (A) Sale Procedures And (B) The Form And Manner Of Notice Of The Sale Of Certain Assets And (II) Granting Related Relief; Authorizing And Approving The Sale Of Certain Assets; And (III) Waiving The 14-Day Stay Of Fed. R. Bankr. P. 6004(H) (ECF No. 7) (the "Sale Motion"), filed by Idaho Bancorp ("Debtor"), as debtor in possession, requesting, among other things, entry of this order (the "Sale Procedures Order" or this "Order").

This Court having considered the motion and the exhibits attached thereto; an interim hearing on the motion having been held before the Court to consider entry of this Sale Procedures Order, appearances being noted on the record; all objections to this Order being resolved, overruled, or withdrawn; and after due deliberation and consideration and sufficient cause appear therefor,

IT IS HEREBY FOUND AND CONCLUDED that:

A. This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334. Consideration of the motion constitutes a core proceeding within the meaning of 28 USC § 157(b)(2)(N). Venue is proper under 28 USC § 1408.

B. Due, sufficient, and adequate notice of the relief requested in the motion and granted herein has been given to parties in interest.

C. In the motion and supporting papers, the Debtor has established good and sufficient reasons for (1) approving the form of the Asset Purchase Agreement, dated as of April 24, 2014, as amended (the "Purchase Agreement")[1], (2) approving and authorizing payment of an expense reimbursement to Banner Corporation ("Purchaser") pursuant and subject to Section 5.10 of the Purchase Agreement (the "Expense Reimbursement"), (3) approving the sale procedures in the form attached hereto as Exhibit B (the "Sale Procedures"), (4) fixing notice procedures and approving forms of notice, and (5) granting the other relief provided for herein. The Debtor has engaged in arms-length negotiations with Purchaser concerning the terms of the Purchase Agreement. The proposed Sale Procedures, notice procedures and other relief granted in this Order are reasonable under the circumstances and in the best interests of the Debtor, its creditors and other parties in interest.

D. The Sale Procedures are reasonably calculated to produce an arms-length bidding process for obtaining the highest and best bid available from a good faith purchaser. Any Successful Bidder (as defined below) that complies in good faith with the Sale Procedures shall be deemed by the Court at the Sale Hearing (as defined below) to be a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and entitled to all of the

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Purchase Agreement.

protections thereof.

E.  If Purchaser becomes entitled to the Expense Reimbursement pursuant to the Purchase Agreement, payment of the Expense Reimbursement shall constitute (i) an actual and necessary cost and expense of preserving the Debtor's estate, within the meaning of section 503(b) of the Bankruptcy Code; (ii) of substantial benefit to the Debtor's estate; (iii) reasonable and appropriate considering, among other things, the size and nature of the proposed sale, the efforts that have been and will be expended by Purchaser notwithstanding that the proposed sale is subject to higher or better offers for the assets to be sold pursuant to the Purchase Agreement (the "Assets"), and the prevailing custom and practice applicable to non-bankruptcy sale transactions of similar type and size; and (iv) necessary to ensure that Purchaser will continue to pursue its proposed acquisition of the Assets. Absent further order of this Court, no Qualified Bidder (as defined below) other than the Purchaser shall be entitled to an Expense Reimbursement or similar payment.

F.  The bid procedures and overbid protections afforded to Purchaser under the Purchase Agreement and Sale Procedures are reasonable and appropriate and represent the best method for maximizing the return for the Assets.

G.  This Order constitutes a final order within the meaning of 28 USC § 158(a).

Based upon the foregoing findings and conclusions, and upon the record before this Court, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1.  The form of the Purchase Agreement attached as Exhibit A is approved.

2.  The Sale Procedures attached as Exhibit B are hereby approved and shall govern all bids and sale procedures relating to the sale contemplated by the motion (the "Sale").

3. Unless the Debtor notifies this Court before 5:00 p.m. (Mountain Daylight time) on June 26, 2014, that it wishes to terminate the Sale, the Court shall conduct a final hearing on the motion (the "<u>Sale Hearing</u>") to consider, among other things, approval of the Sale. If the Sale Hearing is uncontested, the Sale Hearing will be held on June 27, 2014 at 9:30 am Mountain Daylight Time. If the Sale Hearing is contested, the Sale Hearing will be held on July 2 and 3, 2014 at 10:00 am Mountain Daylight Time. Hearings shall be held in Courtroom #5 of the United States Bankruptcy Court, 550 W. Fort Street, Boise, Idaho 83724.

4. The notice of the Sale Hearing (the "<u>Sale Notice</u>"), substantially in the form attached hereto as <u>Exhibit C</u>, is hereby approved as reasonably calculated to provide creditors and other parties in interest with proper notice of the Sale and Sale Procedures.

5. The notice described in paragraph 4 above shall be good and sufficient, and no other or further notices shall be required, if given as follows:

(a) The Debtor files with the Court and serves through the Court's ECF system copies of the Sale Notice on all parties appearing electronically in these cases, including without limitation, the United States Trustee;

(b) The Debtor serves, within three business days after entry of this Order (the "Mailing Deadline"), by first-class mail, postage prepaid, or other method reasonably calculated to provide notice, copies of the Sale Notice and the Sale Procedures Order, with attachments, on all parties known to the Debtor who previously expressed an interest in purchasing the Debtor's assets or who have been identified to the Debtor as being a party who may have an interest in purchasing the Debtor's assets; and

(c) The Debtor serves, within the Mailing Deadline, by first-class mail, postage prepaid, or other method reasonably calculated to provide notice, copies of the Sale

Notice, the Sale Procedures Order, without attachments, and the Sale Procedures to each person identified on the master mailing list kept in this case, including without limitation all known creditors, all shareholders and all persons requesting special notice under Bankruptcy Rule 2002(i); provided, however, that the Debtor shall not be required to separately mail copies of the Sale Notice to any party that receives electronic notice through the Court's ECF system;

6. Objections to the Sale Motion and the Sale shall be due on or before June 18, 2014 (other than objections to the conduct of the Auction, which objections may be asserted at any time prior to or at the Sale Hearing). The failure of any objecting person or entity to timely file a written objection to the Sale Motion on or June 18, 2014 shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, to the consummation and performance of the Sale (other than objections to the conduct of the Auction, which objections may be asserted at any time prior to or at the Sale Hearing).

7. The Expense Reimbursement is approved. Purchaser shall be entitled to payment of the Expense Reimbursement in the event it is not declared the Successful Bidder under the Sale Procedures, regardless of whether the party declared the Successful Bidder closes on the Sale. The Expense Reimbursement shall include the expenses incurred by the Purchaser described in Section 5.10 of the Purchase Agreement; provided, however, that in no event shall the total amount of the Expense Reimbursement exceed $175,000. Purchaser and its counsel shall not be required to submit a fee application of the type submitted by professionals employed by the Debtor prior to payment of the Expense Reimbursement. If the Purchaser becomes entitled to the Expense Reimbursement, it shall file a notice of its intention to seek payment of the Expense Reimbursement with the Court, and shall serve by email on the United States Trustee, and counsel for the Debtor, Alesco Preferred Funding XVI, Ltd. through its collateral

manager ATP Management LLP ("Alesco") and Wilmington Trust Company, as Indenture Trustee ("Wilmington Trust") a copy of the notice along with an itemized billing statement (redacted to the extent required to maintain its attorney client privilege).  If none of the foregoing parties file an objection to payment of the Expense Reimbursement within 14 days of the delivery of the notice to such parties, the Purchaser may file a declaration of no-objection, and the Court will enter an order approving the amount and payment of the Expense Reimbursement. If any of the foregoing parties timely files an objection, the Court will hold a hearing to resolve the objection.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted by this Order.

9. This Order shall be effective and enforceable immediately upon entry. Time is of the essence in obtaining the highest and best value for the Debtor's assets.

10. The provisions of this Order are non-severable and mutually dependent.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

//end of text//

DATED:  May 23, 2014



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

Order submitted by Noah Hillen, Attorney for Debtor.

APPROVED AS TO FORM AND CONTENT ON MAY 23, 2014:

*/s/ Robert A. Faucher*
Robert A. Faucher
HOLLAND & HART LLP
Counsel for Alesco Preferred Funding XVI, Ltd.

*/s/ Joseph Meier*
Joseph Meier
COSHO HUMPHREY LLP
Counsel for Banner Corporation

*/s/ Ron Kerl*
Ron Kerl
COOPER & LARSEN, CHTD.
Counsel for Sunwest Bank

*W. Ben Slaughter*
W. Ben Slaughter
JONES GLEDHILL FUHRMAN GOURLEY, PA
Counsel for Wilmington Trust Company

*/s/ Joseph B. Jones*
Joseph B. Jones
OFFICE OF THE ATTORNEY GENERAL
Counsel for Idaho Department of Finance

APPROVED AS TO FORM ON MAY 23, 2014:

*/s/ David W. Newman*
David W. Newman
U.S. TRUSTEE

# EXHIBIT A

# FORM OF PURCHASE AGREEMENT

# EXHIBIT B

# SALE PROCEDURES

# EXHIBIT C

# FORM OF NOTICE OF SALE HEARING