**FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT**

_____

This First Amendment to the Asset Purchase Agreement (the "Amendment") is entered into and effective this __ day of May, 2014 (the "Effective Date") by and between Idaho Bancorp, an Idaho corporation (the "Company"), and Banner Corporation, a Washington corporation (the "Purchaser"). Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Agreement.

RECITALS

A. As of April 24, 2014, the Company, the Purchaser entered into that certain Series A Asset Purchase Agreement (the "Agreement") pursuant to which the Company agreed to sell all of the shares of common stock of its wholly-owned subsidiary, Idaho Banking Company, an Idaho state chartered bank (the "Bank") to the Purchaser.

B. Pursuant to Section 9.8 of the Agreement, the Company and the Purchaser believe that it is in the best interests of the Company and the Purchaser to amend and supplement the Agreement as set forth below.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other valuable consideration, the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1. Repayment of DIP Loan. Section 5.8(b) of the Agreement is hereby amended in its entirety to read as follows:

    The DIP Loan Agreement will become effective upon (a) interim and final approval by the Bankruptcy Court, as appropriate, and (b) satisfaction of customary conditions as set forth in the DIP Loan Agreement. All amounts outstanding under the DIP Loan Agreement will become due and payable on the earlier of September 15, 2014, the Closing, or thirty days after the date on which the Bankruptcy Court enters an order approving the sale of the Shares to a party other than the Purchaser.

2. Court Approval of Broker's Fees. Section 5.9 of the Agreement is hereby amended in its entirety to read as follows:

    Payment of the Brokers' Fees. At the later of Closing and approval by the Bankruptcy Court, and subject to the receipt of customary release letters of the Brokers in favor of the Bank and the Purchaser in form and substance reasonably satisfactory to the Purchaser, the Bank or the Purchaser, as determined by the Purchaser in its sole discretion, shall pay to the Brokers the Brokers' Fees in full satisfaction of all obligations of the Bank and the Purchaser in connection with any engagement letters or other agreements of the Company, the Bank or any other Subsidiary with the Brokers.

3. <u>Reduction of Expense Reimbursement Limitation</u>.  Section 5.10 of the Agreement is hereby amended in its entirety to read as follows:

"<u>Stalking-Horse Bidder/Expense Reimbursement</u>.  In consideration for the Purchaser serving as the stalking-horse bidder, and this Agreement being subject to termination in the event that the Company receives a higher and better bid consistent with the Sale Procedures, provided this Agreement is not terminated prior to the Closing due to Purchaser's uncured breach and regardless of whether or not the Purchaser makes any matching or competing bids, the Company shall pay or reimburse the Purchaser for all its out-of-pocket costs and expenses incurred in connection with (i) the development, preparation and execution of, and any amendment, supplement or modification to, this Agreement and any other documents prepared in connection herewith or therewith, (ii) conducting due diligence on Company's assets and business, (iii) participating in the Bankruptcy Case, and enforcing or preserving any rights under this and any such other documents except for documents concerning the DIP Loan Agreement, including the fees and disbursements of counsel to the Purchaser (the "<u>Expense Reimbursement</u>") on the first Business Day following the date of consummation of a transaction with a Successful Bidder (as defined in the Sale Procedures) that is not the Purchaser. The Expense Reimbursement shall include, but not be limited to (i) all such costs and expenses incurred from and after December 1, 2013 through and including the participation by the Purchaser in the Sale Hearing (as hereinafter defined), (ii) preparation for and attendance at hearings in the Bankruptcy Case, (iii) preparation for and participation in the Auction, and (iv) preparation for and participation in the Sale Hearing (as hereinafter defined). The Company's obligation to pay the Expense Reimbursement shall constitute an administrative expense of the Company under Section 503 of the Bankruptcy Code. Notwithstanding any other provision hereof, the Company's obligation concerning the Expense Reimbursement shall not exceed One Hundred Seventy-Five Thousand Dollars ($175,000).

The Company acknowledges and agrees that (i) the approval of the Expense Reimbursement is an integral part of the transactions contemplated by this Agreement, (ii) in the absence of the Company's obligation to pay the Expense Reimbursement, the Purchaser would not have entered into this Agreement, (iii) the entry of the Purchaser into this Agreement is necessary for preservation of the estate of the Company and the Bank and is beneficial to the Company because, in the Company's business judgment, it will enhance the Company's ability to maximize the value of its assets for the benefit of its creditors, (iv) the Expense Reimbursement is reasonable in relation to the Purchaser's efforts and to the magnitude of the Contemplated Transactions and the Purchaser's lost opportunities resulting from the time spent pursuing the Contemplated Transactions, and (v) time is of the essence with respect to the entry of the Sale Procedures Order by the Bankruptcy Court, approving, among other things, the process by which bids may be solicited in connection with the sale of the Shares as set forth in the Sale Procedures Order (the "<u>Sale Procedures</u>").  The Company's agreement to pay the Expense Reimbursement is subject to Bankruptcy Court approval of this Agreement, including without limitation approval of payment of the Expense Reimbursement, which approval shall be requested in the Sale Motion and the Sale Procedures Order."

- 2 -    FIRST AMENDMENT

4. <u>Modification of Section 6.1(d)</u>.  Section 6.1(d) of the Agreement is amended in its entirety to read as follows:

"<u>Sale Procedures Order</u>:  The Bankruptcy Court shall have entered the Sale Procedures Order and approved the Expense Reimbursement on or before May 23, 2014."

5. <u>Modification of Section 6.1(e)</u>.  Section 6.1(e) of the Agreement is amended in its entirety to read as follows:

"<u>Sale Order</u>:  The Bankruptcy Court shall have entered the Sale Order on or before July 7, 2014."

6. <u>Modification of Sale Procedures Order and Sale Procedures</u>.  The Sale Procedures Order and Sale Procedures attached to the Agreement are amended in their entirety and attached as Exhibit A hereto.

7. <u>Modification of the DIP Loan Agreement</u>.  The DIP Loan Agreement attached to the Agreement is amended in its entirety and attached as Exhibit B hereto.

8. <u>Modification of Section 1.1(d)</u>.  Section 1.1(d) of the agreement is amended in its entirety to read as follows:

"'<u>Auction' means the auction to be pursuant to the Sale Procedures Order and the Sale Procedures</u>."

9. <u>Modification of Section 1.1(n)</u>.  Section 1.1(n) of the Agreement is amended in its entirety to read as follows:

"<u>Reserved</u>"

10. <u>Counterparts.</u> This Amendment may be executed in one or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered to the other parties.

11. <u>Entire Agreement; No Third-Party Beneficiaries</u>. This Amendment, together with the Agreement, (including the Agreement and other documents and instruments referred to therein) constitutes the entire agreement between the parties, and supersedes all prior agreements and understandings, both written and oral, among the parties with respect to the subject matter of this Amendment. Except as expressly provided herein, the terms and conditions of the Agreement remain in full force and effect and are not amended or modified by the terms and conditions of this Amendment.

*[Signature Page Follows]*

IN WITNESS WHEREOF the parties have executed this Amendment as of the day and year first above written.

COMPANY

Idaho Bancorp,
an Idaho corporation

By: _____
    Name:
    Title:

PURCHASER

Banner Corporation,
a Washington corporation

By: _____
    Name:
    Title:

<u>Exhibit A</u>

<u>Amended Sale Procedures Order and Sale Procedures</u>

## Exhibit B

## Amended DIP Loan Agreement

- 6 -    FIRST AMENDMENT