# EXHIBIT B

# SALE PROCEDURES

1. <u>Alternative Bids</u>.  The Debtor will consider bids (each, an "<u>Alternative Bid</u>") submitted by interested parties, subject to the qualifications and procedures below. The Debtor may amend or alter these procedures if it deems such amendments or modifications to be in the best interests of the Debtor's estate, <u>provided</u> that the Debtor shall provide notice of such modifications to any parties who express continuing interest in purchasing the assets of the Debtor following receipt of the Sale Notice.

2. <u>Qualifications to Submit Alternative Bid</u>.  In order to be qualified to receive any confidential information from the Debtor or the Bank, to submit an Alternative Bid, and to participate in the Auction, a potential bidder (each, an "<u>Alternative Bidder</u>") must submit each of the following to Debtor and the Bank on a timely basis:

    (a) An executed confidentiality agreement which shall inure to the benefit of the Successful Bidder, in a form and substance acceptable to the Company and the Purchaser (any such agreement will be executed prior to granting the Alternative Bidder access to due diligence materials); and

    (b) Current audited financial statements and latest unaudited financial statements of the bidder or, if the bidder is an entity formed for the purpose of acquiring the Assets, current audited financial statements and latest unaudited financial statements of the equity holders or sponsors of the bidder who will guarantee the obligations of the bidder, or such other form of financial disclosure and/or credit-quality support or enhancement, if any, that will allow the Company to make a reasonable determination as to the bidder's financial and other capabilities to consummate the Sale (including, but not limited to, the ability to obtain all

necessary regulatory approvals with respect to the ownership of the Shares and operation of the Bank on a timely basis).

3.　　<u>Alternative Bid Deadline</u>.  All Alternative Bids must be received not later than 4:00 pm (MDT) on June 23, 2014 (the "<u>Alternative Bid Deadline</u>") by counsel for the Debtor:

>  Noah Hillen
>  Noah Hillen, Chtd.
>  410 S. Orchard St. #172,
>  Boise Idaho, 83705

The Debtor's counsel shall immediately distribute by email a copy of each such Alternative Bid received to counsel for Purchaser, Wilmington Trust Company, in its capacity as indenture trustee ("<u>Wilmington Trust</u>") and Alesco Preferred Funding XVI, Ltd., through its collateral manager ATP Management LLC ("<u>Alesco</u>").

4.　　<u>Qualified Alternative Bid</u>. The Debtor will consider an Alternative Bid only if the Alternative Bid is a "<u>Qualified Alternative Bid</u>." To be a Qualified Alternative Bid, the Alternative Bid must:

　　(a)　　identify the proponent of the Alternative Bid and an officer or employee who is authorized to appear, act on behalf of and bind the bidder;

　　(b)　　contain a proposed asset purchase agreement (the "<u>Competing Purchase Agreement</u>"), executed by the Alternative Bidder, that (i) is on substantially similar terms and conditions as those in the Purchase Agreement, along with a redlined, marked copy showing all changes between the Competing Purchase Agreement and the Purchase Agreement, (ii) provides for a purchase price to be paid to the Debtor that exceeds the sum of the Cash Purchase Price (in the Purchase Agreement) by at least $250,000, (iii) disclaims any right of the Alternative Bidder to receive a fee analogous to the Expense Reimbursement or to compensation under Bankruptcy

Code Section 503(b) for making a substantial contribution and (iv) contains a proposed closing date that is not later than September 15, 2014;

    (c)    be accompanied by a deposit in the form of cash, cashier's check or letter of credit issued by a federal or state chartered domestic bank in the amount of $250,000, refundable in the event the bidder is not the Successful Bidder at the Auction (as defined below);

    (d)    not be conditional on the outcome of any unperformed due diligence by the Alternative Bidder, the receipt of equity or debt financing, or the approval of the Alternative Bidder's board of directors, shareholder, or other corporate approval;

    (e)    be accompanied by admissible evidence in the form of affidavits or declarations establishing (A) that the Alternative Bidder has the financial ability to pay the purchase price set forth in the Purchase Agreement, (B) the Alternative Bidder's good faith within the meaning of Section 363(m) of the Bankruptcy Code, and (C) that the Alternative Bidder has or is capable of obtaining all required regulatory approvals to perform all of its obligations under the Competing Purchase Agreement and to close the transaction not later than September 15, 2014.

5.    <u>Auction, Bidding Increments, and Bids Remaining Open</u>.  If the Debtor receives a Qualified Alternative Bid, the Debtor shall conduct an auction (the "<u>Auction</u>") at the offices of Holland & Hart, 800 W. Main Street, Boise, Idaho 83702, on June 26, 2014, beginning at 10:00 am (Mountain Daylight time) or such later time and/or other place as the Debtor shall notify all Alternative Bidders who have submitted Qualified Alternative Bids (such persons together with the Purchaser are referred to as "<u>Qualified Bidders</u>").  The following procedures will apply:

    (a)    Only representatives and professional advisors of the Debtor, Qualified Bidders, Wilmington Trust, and Alesco shall be entitled to attend the Auction, and only

Qualified Bidders shall be entitled to participate and make any additional bids ("Subsequent Bids") at the Auction.

       (b)     All Qualified Bidders and all others identified above in 5(a) shall be entitled to be present for all bidding with the understanding that the true identity of each bidder shall be fully disclosed to all such parties and that all material terms of each bid will be fully disclosed to all such parties throughout the entire Auction.

       (c)     At least two days prior to the Auction, the Debtor will give Qualified Bidders a copy of the highest and best Qualified Alternative Bid received and copies of all other Qualified Alternative Bids. Substantially contemporaneously therewith, the Debtor will notify counsel for Wilmington Trust and Alesco of the highest and best Qualified Alternative Bid. In addition, the Debtor will inform each Qualified Bidder who has expressed its intent to participate in the Auction and counsel for Wilmington Trust and Alesco, of the identity of all Qualified Bidders that may participate in the Auction.

       (d)     Prior to the start of the Auction, the Debtor may announce at the Auction additional procedural rules for conducting the Auction that the Debtor determines to be reasonable under the circumstances (e.g., the amount of time allotted to make subsequent Alternative bids), so long as such rules are not inconsistent with these Sale Procedures.

       (e)     At the Auction, bidding shall begin with the highest Qualified Alternative Bid and continue in minimum increments of at least $100,000 higher than the previous highest bid.

       (f)     The Auction shall continue in one or more rounds of bidding and shall conclude after each participating bidder has had the opportunity to submit an additional

Subsequent Bid with full knowledge and written confirmation of the then-existing highest bid, signed by the Debtor's counsel and identifying the party making the then-highest bid.

(g) For the purpose of evaluating the value of the cash consideration provided by each Subsequent Bid (including any Subsequent Bid by Purchaser), the value of such cash consideration shall be the net of the cash consideration payable to the Debtor after giving effect to the Expense Reimbursement that may be payable to Purchaser under the Purchase Agreement.

(h) At the conclusion of the bidding, the Debtor shall announce the winning bidder (the "Successful Bidder").

(i) The Debtor, in consultation with its professionals, shall determine in its sole discretion whether an Alternative Bid meets the qualifications for a Qualified Alternative Bid described herein and in the order approving these procedures and whether a Qualified Alternative Bid or Subsequent Bid constitutes the highest and/or best offer for the Assets.

(j) The Debtor may, with Bankruptcy Court approval, elect to deem the Purchaser's final bid to be the highest bid, notwithstanding the receipt of an apparently higher bid from another Qualified Bidder, if the Company reasonably concludes that the Qualified Bidder may not be able to close on a timely basis, or for any appropriate other reason.

(k) The highest and/or best offer as determined by the Debtor shall be submitted to the Bankruptcy Court for approval at the Sale Hearing. Purchaser shall be deemed a party-in-interest with standing to appear and be heard in connection with any motions, hearings, or other proceedings relating to the sale, including the Purchase Agreement and any Qualified Alternative Bid or Subsequent Bid.

(l) The final bid of the Successful Bidder shall remain open and irrevocable through conclusion of the Sale Hearing, and if approved by the Bankruptcy Court, shall be

binding on the Successful Bidder.  All other Qualified Alternative Bids, Subsequent Bids, and the Purchase Agreement (if the Purchaser is not the Successful Bidder) shall, at the conclusion of the Auction, become revocable at the sole discretion of the Qualified Bidder that submitted such bid.

6. If the Debtor does not receive any Qualified Alternative Bids, no Auction will be held, Purchaser will be declared the Successful Bidder, and the Debtor will report to the Bankruptcy Court and present the Sale Order for entry by the Court at the Sale Hearing, approving the sale of the Assets to Purchaser in accordance with the terms of the Purchase Agreement, subject to resolution of any objections filed pursuant to paragraph 6 of the Sale Procedures Order.  No potential purchaser of any of the Debtor's assets will be entitled to object to entry of the Sale Order at the Sale Hearing unless the potential purchaser timely submitted a Qualified Alternative Bid.

7. Notwithstanding anything else herein, or in the Sale Procedures Order, the Debtor shall discuss with Alesco and Wilmington its decisions concerning the Sale Procedures, including without limitation (i) any amendments or alterations to the Sale Procedures (ii) whether a potential bidder qualifies as an Alternative Bidder, (iii) whether an Alternative Bid is a Qualified Alternative Bid; (iv) which Qualified Alternative Bid is the highest and best bid prior to the Auction, (v) any additional procedural rules for conducting the Auction, (vi) whether a Subsequent Bid is the then-existing highest and best bid, and (vii) the determination of the Successful Bidder, provided however, that nothing herein shall (1) prohibit the Debtor from exercising its reasonable business judgment regarding any of the issues identified in the foregoing (i) – (vii); or (2) authorize Wilmington or Alesco to control or direct the Debtor's exercise of its business judgment.